UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Corean Omarus Barnes,

                           Petitioner,

          v.

Daniel White,

                           Respondent.

CASE NO. 3:20-cv-05357-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: SEPTEMBER 25, 2020

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Corean Omarus Barnes, proceeding *pro se* and *in forma pauperis*, filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, seeking relief from his state court judgment and sentence. *See* Dkt. 5.

Petitioner was convicted in 2009 of two counts of second-degree rape and unlawful imprisonment, but the convictions were reversed on appeal. After a 2012 re-trial, petitioner was convicted of two counts of second-degree rape, unlawful imprisonment, and first-degree burglary with sexual motivation. The two rape counts were again reversed on appeal. On remand in 2015,

petitioner was convicted and sentenced for first-degree burglary with sexual motivation and unlawful imprisonment. Petitioner seeks habeas relief from his convictions, specifically challenging the sufficiency of the evidence to support his conviction of first-degree burglary with sexual motivation. Dkt. 5. Petitioner alleges that the evidence was insufficient and that he is actually innocent. *Id.*

Petitioner's conviction has been reviewed by the state court through multiple appeals and personal restraint petitions. This Court, too, has reviewed the record, and based on the evidence presented at trial, a rational jury could have concluded that petitioner unlawfully entered Kenneth Johnson's home and committed an assault while in the building. In addition, petitioner has not shown, nor does the Court find, that he is actually innocent. Therefore, petitioner has not shown that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends that the petition be denied and a certificate of appealability not be issued.

**I.    Background**

The Washington Court of Appeals summarized the facts of petitioner's underlying crimes and the procedural history of his case from 2008 through 2017 in the court's unpublished opinion in petitioner's fourth appeal:

I.    CRIMES, FIRST TRIAL, AND FIRST APPEAL

Barnes and Christina Russell dated in 2007 and 2008. Beginning in early July 2008, Kenneth Johnson rented a room to Barnes, but Barnes was unable to pay rent after the first month and stopped living with Johnson in mid-August 2008. Johnson allowed Barnes to keep some of his possessions at the house. Barnes no longer slept at Johnson's house, but Johnson permitted him to come onto the

property on the condition that Barnes would first contact Johnson, and that Johnson would be at home when Barnes arrived.

On August 15, 2008, Russell met Barnes at Johnson's house. While the two were outside Johnson's house, Barnes sexually assaulted Russell. He pulled her out of her car and forcibly carried her to his nearby camper, where he raped her.

Later the same day, Russell drove Barnes back to Johnson's house. At trial, Johnson testified that Barnes did not have permission to be in Johnson's house on August 15, 2008. Russell and Barnes entered the home. Barnes then picked Russell up, carried her into a bedroom, and forcibly raped her while she struggled. Russell secretly recorded both incidents of sexual assault.

The State charged Barnes with two counts of rape in the second degree by forcible compulsion, one count of burglary in the first degree with sexual motivation, and one count of unlawful imprisonment. During Barnes's first trial, the trial court admitted the entirety of Russell's recordings. The jury found Barnes guilty of two counts of rape in the second degree and one count of unlawful imprisonment. The jury did not reach a verdict on the burglary charge. Barnes appealed, arguing that the admission of Russell's recordings violated the Privacy Act, chapter 9.73 RCW. We reversed all of the convictions and remanded for a new trial, because the trial court erred by admitting Russell's entire recordings.

II.     SECOND TRIAL AND SECOND APPEAL

Barnes proceeded to a second jury trial. After the close of testimony, the trial court instructed the jury that a person is not guilty of rape if the sexual intercourse is consensual and that the defendant has the burden of proving that sexual intercourse was consensual. Barnes objected, arguing unsuccessfully that the instruction foisted an unwanted affirmative defense on him.

The jury convicted Barnes of unlawful imprisonment, both counts of rape in the second degree, and burglary in the first degree with sexual motivation.

Barnes appealed a second time, arguing that the trial court violated his Sixth Amendment right to the United States Constitution to control his defense by providing the jury instruction on the affirmative defense of consent on the rape in the second degree charges. We agreed and reversed the rape in the second degree convictions. We affirmed the convictions for unlawful imprisonment and burglary in the first degree, rejecting Barnes's argument that insufficient evidence supported

REPORT AND RECOMMENDATION - 3

1

2

his burglary conviction because Barnes's presence at Johnson's home was unlawful because he had permission to be there.

III.    RESENTENCING AND THIRD APPEAL

3

4

The State declined to retry Barnes for a third time on the rape in the second degree charges. On remand, the court resentenced Barnes for burglary in the first degree with sexual motivation and unlawful imprisonment.

5

6

Barnes appealed his new sentence. Barnes also filed a PRP in this court. We consolidated the PRP with Barnes's direct appeal.

7

8

9

In his PRP, Barnes again argued that insufficient evidence supported his burglary conviction because he lawfully lived at Johnson's residence. The State argued that Barnes may not raise this issue again because it was fully litigated in a previous direct appeal. We agreed with the State and dismissed the PRP, but affirmed Barnes's sentence. *Barnes* III mandated on January 23, 2017.

10

Dkt. 12, Exhibit 57 at 2-4; Exhibits 12-56.

11

12

13

14

15

16

On January 29, 2020, petitioner filed another PRP challenging some of the community custody conditions imposed by the ISRB. *See* Dkt. 11 at 8, fn. 4. Respondent has not submitted the PRP with his answer, *see id.*, and the Court does not find that submission of the recent 2020 PRP is necessary to resolve the instant petition because here, petitioner is challenging the underlying convictions of first-degree burglary and unlawful imprisonment, not his subsequent community custody term which was imposed at the conclusion of his incarceration.

17

18

19

20

21

22

23

On April 15, 2020, petitioner initiated his federal petition. Dkt. 1, 5. Petitioner raises three grounds for relief which allege that the evidence was insufficient to support a conviction for first-degree burglary with sexual motivation and that he is actually innocent. Dkt. 5. At the time the petition was filed, petitioner was housed at the Washington Corrections Center ("WCC") in Shelton, Washington pursuant to the valid judgment and sentence of the Clallam County Superior Court. Dkt. 5. On May 15, 2020, petitioner informed the Court he was released from WCC and filed a notice of change of address on June 1, 2020. Dkt. 3.

24

REPORT AND RECOMMENDATION - 4

On July 27, 2020, respondent filed an answer. Dkt. 11, 12. In the answer, respondent concedes that petitioner exhausted each ground for relief, but maintains that the state court's adjudication of the grounds raised in the petition was not contrary to, or an unreasonable application of, clearly established federal law. *Id*. The Court notes that respondent does not argue that the petition is moot based on petitioner's release. *See* Dkt. 11; *see also Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994) ("A habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody."); *Wilson v. Terhune,* 319 F.3d 477, 479 (9th Cir. 2003). Petitioner did not file a traverse.

## II.    Discussion

Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable application of Supreme Court precedent occurs "if the state court identifies the

REPORT AND RECOMMENDATION - 5

1    correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts

2    of the particular state prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court

3    decision involves an unreasonable application of Supreme Court precedent "'if the state court

4    either unreasonably extends a legal principle from [Supreme Court] precedent to a new context

5    where it should not apply or unreasonably refuses to extend that principle to a new context where

6    it should apply.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529

7    U.S. at 407).

8         The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas

9    courts to presume the correctness of state courts' factual findings unless applicants rebut this

10   presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of

11   state court decisions under §2254(d)(1) is "limited to the record that was before the state court

12   that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

13        The Court notes a state court adjudicates a claim "on the merits" for purposes of §

14   2254(d) when it decides the petitioner's right to relief based on the substance of the federal

15   claim, rather than on another basis precluding state court merits review. *Runningeagle v. Ryan*,

16   686 F.3d 758, 768–69 (9th Cir. 2012) (citing *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011)

17   (when a state court decision is ambiguous, and so it is "a close question" on whether the state

18   court denied a petitioner's claim on procedural grounds or on the merits, a federal court must

19   presume that the state court adjudicated the claim on the merits)).

20   **A.  Sufficiency of the Evidence Claim (Grounds One, Two, and Three)**

21        In all three grounds for relief, petitioner argues that there was insufficient evidence to

22   support a guilty verdict of first-degree burglary. Dkt. 5. Specifically, petitioner challenges the

23   sufficiency of the evidence because: (1) his entry into Johnson's residence on August 15, 2008

24

1   was authorized under Washington's landlord-tenant law; (2) the record does not establish that

2   Johnson properly terminated petitioner's residency under state law; and (3) the state court's

3   dismissal of the second-degree rape convictions effectively removed a key element of the first-

4   degree burglary (specifically, the commission of an assault) under Wash. Rev. Code §

5   9A.52.020. *See* Dkt. 5 at 5-8.

6          When evaluating a claim of insufficiency of the evidence to support a conviction, the

7   question is not whether the Court itself believes the evidence establishes guilt.  "Instead, the

8   relevant question is whether . . . any rational trier of fact could have found the essential elements

9   of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

10  (emphasis in original); *Wright v. West*, 505 U.S. 277, 284 (1992).  The Court must "view the

11  record as a whole in the light most favorable to the prosecution." *Gordon v. Duran*, 895 F.2d

12  610, 612 (9th Cir.), *cert. denied*, 489 U.S. 1077 (1990).  The constitutional sufficiency of

13  evidence review is sharply limited. *Wright*, 505 U.S. at 296.  The jury is entitled to believe the

14  State's evidence and disbelieve the defense's evidence. *Id*.

15         Although federal courts look to state law for the substantive elements of the criminal

16  offense, the minimum amount of evidence that the Due Process Clause requires to prove the

17  offense is purely a matter of federal law. *See Coleman v. Johnson*, __ U.S. __, 132 S. Ct. 2060,

18  2064 (2012) (per curiam); *Jackson*, 443 U.S. at 324 n. 16.  It is exceedingly difficult for a

19  petitioner to demonstrate insufficiency of the evidence on federal habeas review:

20         *Jackson* claims face a high bar in federal habeas proceedings because they are
            subject to two layers of judicial deference.  First, on direct appeal, "it is the
21         responsibility of the jury—not the court—to decide what conclusions should be
            drawn from evidence admitted at trial.  A reviewing court may set aside the jury's
22         verdict on the ground of insufficient evidence only if no rational trier of fact could
            have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, __, 132 S. Ct. 2, 4 (2011)
23         (*per curiam*).  And second, on habeas review, "a federal court may not overturn a
            state court decision rejecting a sufficiency of the evidence challenge simply because

24

REPORT AND RECOMMENDATION - 7

the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S., __, __, 130 S. Ct. 1855, 1862 (2010).

*Coleman*, 132 S. Ct. at 2062.

Washington's test for determining the sufficiency of evidence is identical to that set forth by the Supreme Court in *Jackson*. In Washington, evidence is sufficient if after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980). When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

Petitioner was charged and ultimately convicted of first-degree burglary with sexual motivation. Dkt. 12, Exhibits 6, 57, 63. *See* Wash. Rev. Code § 9A.52.020(1) ("A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person.").

Petitioner has challenged the sufficiency of the evidence for his burglary conviction on multiple occasions. First, in *Barnes II* (2012 retrial), petitioner argued that because he kept some of his belongings at Johnson's home despite having moved out, Johnson arrived at the home when petitioner was present, and Johnson kept the house unlocked, the evidence of unlawful entry was insufficient. Dkt. 12, Exhibit 20 at 22-23.

The Washington Court of Appeals rejected this argument:

Barnes claims that Johnson kept the doors to his house unlocked so that Barnes could enter when he needed. But Johnson's testimony contradicts Barnes's

assertion that Johnson permitted Barnes to enter the property on August 15. Johnson was clear that, after Barnes was unable to pay for rent for August, Johnson placed conditions on Barnes's entry onto the property.

Our analysis is whether, "viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Kintz,* 169 Wn.2d at 551. And we "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. J.P.,* 130 Wn. App. 887, 891-92, 125 P.3d 215 (2005). Thus, even if Barnes's testimony could support an alternative scenario in which he lawfully entered Johnson's property, the jury had sufficient evidence to conclude that Johnson did not permit Barnes to enter and remain on his property on August 15, 2008. Consequently, we hold that sufficient evidence supports the first degree burglary conviction.

Dkt. 12, Exhibit 25 at 16-17.

Petitioner again challenged the sufficiency of the evidence in *Barnes III* (consolidated CrR 7.8 motion, third direct appeal, and PRP). Dkt. 12, Exhibits 31, 32, 33 (order transferring CrR 7.8 motion), 34 (letter designating the matter as a PRP). Petitioner argued that he was lawfully on the property on August 15, 2008 because petitioner was not properly evicted under the Landlord Tenant-Act and that Washington Court of Appeals' reversal of the two rape counts effectively removed the predicate offense necessary to sustain a first-degree burglary conviction, which rendered the evidence constitutionally insufficient. Dkt. 12, Exhibit 32.

The Washington Court of Appeals rejected these arguments:

Barnes argues that insufficient evidence supports his burglary conviction because he lawfully lived at Johnson's residence. The state argues that Barnes may not raise this issue again because it was fully litigated in a previous direct appeal. We agree with the State.

Barnes argued in a previous appeal, as he does now, that insufficient evidence supported his burglary conviction because he had permission to enter the residence. We rejected that argument. Barnes does not show that the interests of justice require this issue's relitigation. We decline to review this argument.

…

REPORT AND RECOMMENDATION - 9

Barnes challenges the sufficiency of the evidence for his burglary conviction for two new reasons. He argues that insufficient evidence supports his burglary conviction because the rape convictions no longer support it. Specifically, he argues that the rape convictions' reversal deprived the burglary conviction of the "predicate offense" of assault, which in this case was a rape. [citation omitted] He also argues that he is "[a]ctually [i]nnocent." [citation omitted]. We disagree.

First degree burglary occurs when a person (1) enters or remains unlawfully in a building (2) with intent to commit a crime against a person or property therein, and (3) the person assaults any person or is armed with a deadly weapon while "entering or while in the building or in the immediate flight therefore." RCW 9A.52.020(1). First degree burglary requires no predicate offense; it merely requires that a person commit an assault during the burglary. RCW 9A.52.020(1).

Barnes also argues that the rape was the only assault Barnes committed, and therefore the reversal of the rape charges undermined the State's proof on the third element of burglary – that Barnes assault someone while committing the burglary.[1] This claim also fails. The testimony at trial established that Barnes assaulted Russell. Russell testified that Barnes used forcible compulsion to have nonconsensual sex with her. An assault is an offensive, intentional touching. *State v. Osman,* 192 Wn. App. 355, 378, 366 P.3d 956 (2016). A rational trier of fact could find that Barnes's act of forcibly compelling Russell to have nonconsensual sex constituted an assault. Thus, sufficient evidence supports the element of first degree burglary that Barnes assaulted someone during the burglary. *Salina,* 199 Wn. 29 at 201. The absence of rape convictions has no effect on the sufficiency of the evidence for first degree burglary.

Dkt. 12, Exhibit 44 at 9-10.

Petitioner raised the sufficiency of the evidence claim again in his 2016 CrR 7.8 motion. Dkt. 12, Exhibit 51. The superior court denied the *pro se* CrR 7.8 motion, finding that the issue had already been considered and resolved by the Washington Court of Appeals. Dkt. 12, Exhibit 52. Petitioner appealed to the Washington Court of Appeals and was appointed counsel. Dkt. 12, Exhibit 54. Petitioner argued that the sufficiency of the evidence claim should be reconsidered because the State failed to prove the element of unlawful entry or presence. *Id.* Petitioner argued that Johnson's home was petitioner's lawful residence, Johnson had no legal authority to evict

---

[1] [original footnote] There does not appear to have been evidence that Barnes was armed with a deadly weapon. Thus, this element must have been satisfied by proof that Barnes assaulted Russell.

1   him, and the alleged termination of petitioner's tenancy was therefore not lawful under Wash.

2   Rev. Code §§ 59.040.20, 59.18.200, and 59.20.070. Dkt. 12, Exhibit 54 at 15-16.

3          The Washington Court of Appeals vacated the superior court's order denying the CrR 7.8

4   motion and dismissed the appeal, ruling that the superior court should have transferred the CrR

5   7.8 motion to the Washington Court of Appeals. Dkt. 12, Exhibit 57 at 5-6. The Washington

6   Court of Appeals then converted the appeal to a PRP and dismissed the petition, finding that

7   petitioner's reliance on the state's landlord-tenant laws was not a new intervening change in the

8   law, and he therefore failed to show that the interests of justice required relitigation of the issue.

9   *Id*. at 6-9. Assuming without deciding that petitioner could raise a claim that he is actually

10  innocent and that petitioner could relitigate the claim, the appellate court concluded petitioner

11  had failed to show by clear and convincing evidence that he was factually innocent of the

12  burglary. *Id*. at 9-10.

13         After seeking discretionary review by the Washington Supreme Court, the Commissioner

14  of the Washington Supreme Court agreed with the Washington Court of Appeals' conclusion

15  regarding petitioner's insufficiency claim and denied discretionary review. Dkt. 12, Exhibit 60.

16  In addressing petitioner's claim, the Commissioner noted that, based on state law, petitioner had

17  abandoned his tenancy before the events:

18              Even if the State did not prove that the owner of the premises followed the
               letter of law in terminating the month-to-month tenancy for failure to pay rent, such
19             a tenancy may otherwise be terminated if the tenant voluntarily abandons the
               premises and relinquishes them to the owner. The evidence showed Mr. Barnes was
20             unable to pay rent after the first month and in the middle of the second month he
               stopped living at the house, leaving some of his belongings at the house with the
21             owner's permission because he was unable to take all of them. As indicated, the
               owner orally allowed Mr. Barnes back on the property only if Mr. Barnes first
22             contacted the owner and the owner was present. And at trial the owner testified that
               Mr. Barnes did not have permission to enter the house on the day of the incident.
23             An inference to surrender the premises by operation of law may be drawn from
               anything that amounts to an agreement on the tenant's part to abandon possession

24

REPORT AND RECOMMENDATION - 11

1

2

3

4

> of the premises and on the owner's part to resume possession. *Moore v. Nw. Fabricators, Inc.*, 51 Wn.2d 26, 29-30, 314 P.2d 941 (1957). The evidence here was sufficient to show that at the time of the incident Mr. Barnes had abandoned his tenancy and was not licensed, invited, or otherwise privileged to enter the house. *See* RCW 9A.52.010(3) (definition of entering or remaining in a building unlawfully).

*Id*. at 3-4.

5

6

"[A] state court's interpretation of state law ... binds a federal court sitting in habeas

7

corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-58). Thus,

8

the Court must adopt the state court's conclusions concerning the state-law aspects of

9

petitioner's claim this habeas proceeding. *See id.*

10

Here, the state court did not unreasonably apply clearly established federal law when it

11

concluded that the state had produced sufficient evidence for the jury to conclude that petitioner

12

committed first-degree burglary with sexual motivation. Johnson testified that he had permitted

13

petitioner to stay at his house beginning in early July 2008. Dkt. 12, Exhibit 2 at 305. Johnson

14

testified that he and petitioner did not enter to in a written lease agreement but the two agreed

15

that petitioner would pay Johnson $300 per month in rent. *Id*. at 305, 309. Johnson testified that

16

petitioner paid $200 for the first month, but petitioner was not able to pay any rent for the second

17

month, not even the reduced amount of $175 per month. *Id*. at 306, 310-11. Johnson testified that

18

petitioner elected to move out, either at the end of July or the first part of August 2008. *Id.*

19

Johnson testified that when petitioner moved out, he was not able to take all his personal

20

belongings with him, so Johnson permitted petitioner to come back into Johnson's home to

21

retrieve his possessions on an as-needed basis. *Id*. at 307. Johnson testified that there were

22

conditions imposed on when petitioner could enter the house after he moved out. *Id.* Petitioner

23

could only enter the house if Johnson was present and petitioner first contacted Johnson, and

24

petitioner was not allowed in the Johnson's home without Johnson present. *Id*. Johnson testified

that petitioner did not live at the residence any longer and did not have a key for access. *Id*.

Johnson testified that he did not give petitioner permission to enter his home on August

15, 2008. *Id*. at 316. The victim, Christina Russell, testified that on August 15, 2008, she drove

petitioner to Johnson's home and that he assaulted her there. Dkt. 12, Exhibit 2 at 224-29. She

secretly recorded her conversations and interactions with petitioner that day. *Id*. at 205. A

redacted version of the recording was played for the jury after her testimony. *Id*. at 270; Dkt. 12,

Exhibit 7.

After viewing the evidence in the light most favorable to the prosecution and assuming

that the jury resolved all conflicts in a manner that supports the verdict, the Court finds that a

rational trier of fact could have inferred that petitioner unlawfully entered Johnson's home on

August 15, 2008 and committed an assault while in the home. While petitioner attempts to

provide an alternative interpretation of the facts, juries have broad discretion in deciding what

inferences to draw from the evidence presented at trial and are only restrained in that they must

make "reasonable" inferences. *Coleman*, 132 S. Ct. at 2064. Thus, the state court's conclusion

that these circumstances, when considered together, were sufficient to support the guilty verdict

and was not objectively unreasonable based on the evidence presented at trial. As such, all three

grounds for relief challenging the sufficiency of the evidence should be denied.

**B.  Actual Innocence Claim (Grounds 2 and 3)**

In grounds two and three, petitioner alleges that he is actually innocent of first-degree

burglary. Dkt. 5. In ground two, petitioner alleges that he is actually innocent of the convicted

crime of first-degree burglary in the context that the Court should revisit the sufficiency of the

evidence issue in the "interest[s] of justice.". Dkt. 5 at 7. In ground three, petitioner alleges that

1    he is actually innocent of the burglary conviction because the dismissal of the rape charge

2    removed a key element. *Id.* at 9.

3    In appealing his 2016 CrR 7.8 motion, petitioner raised an alternative argument that if the

4    state court determined that the sufficiency of the evidence issue could not be relitigated because

5    it was previously raised and decided, the court should review his claim because he was actually

6    innocent. Dkt. 12, Exhibit 54 at 16-19.  The Washington Court of Appeals held:

7            Barnes continues to argue that he had permission to be at Johnson's
        residence, but the evidence in the record shows his rental agreement was terminated
8        based on unpaid rent. Johnson allowed Barnes to temporarily store his personal
        property at Johnson's home, but Barnes could only enter the home with Johnson's
9        permission. And Johnson did not give Barnes permission to enter the home on the
        day in questions. While Barnes tells a different story, we leave credibility
10       determinations to the trier of fact. Moreover, we view this evidence in the light most
        favorable to the State. Accordingly, Barnes has not met his burden by showing clear
11       and convincing evidence that he was actually factually innocent of the burglary
        conviction.

12   Dkt. 12, Exhibit 57 at 9-10 [internal citations omitted].

13       The Supreme Court has not recognized actual innocence as a stand-alone habeas claim.

14   *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a

15   constitutional claim, but instead a gateway through which a habeas petitioner must pass to have

16   his otherwise barred constitutional claim considered on the merits."); *Dist. Attorney's Office for

17   Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009) (whether a federal right to be released

18   upon proof of actual innocence exists is an open question). As recently as 2013, the Supreme

19   Court has observed: "We have not resolved whether a prisoner may be entitled to habeas relief

20   based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931

21   (2013).

22       The Ninth Circuit has not resolved the issue but assumed that a freestanding claim of

23   actual innocence based on newly discovered evidence may be viable in the context of a non-

24

REPORT AND RECOMMENDATION - 14

1    capital case. *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved

2    whether a freestanding actual innocence claim is cognizable in a federal habeas corpus

3    proceeding in the non-capital context, although we have assumed that such a claim is viable.").

4    Where an actual innocence claim has been filed, Supreme Court and Ninth Circuit case law

5    "support the practice of first resolving whether a petitioner has made an adequate evidentiary

6    showing of actual innocence before reaching the constitutional question of whether freestanding

7    innocence claims are cognizable in habeas." *Osborne v. Dist. Attorney's Office for Third Judicial

8    Dist.*, 521 F.3d 1118, 1131 (9th Cir. 2008) *rev'd and remanded on other grounds,* 557 U.S. 52

9    (2009) (citing *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997); *Herrera*, 506 U.S. at 442-

10   44; *House v. Bell,* 547 U.S. 518 (2006)) (other citation omitted).

11          Here, even assuming such a claim is cognizable, petitioner has not presented new,

12   reliable evidence demonstrating that he is innocent. Rather, it appears that petitioner has simply

13   repackaged the sufficiency of the evidence arguments. *See Sadler v. Bullard*, 2019 WL 3021422,

14   at *5 (W.D. Wash. June 7, 2019) (finding no freestanding actual innocence claim where the

15   petitioner presented no new evidence, but merely repackaged information and evidence he

16   presented at trial). To support his claim, petitioner alleges "although Mr. Johnson contended he

17   kicked Mr. Barnes out of his residence under the longstanding Landlord Tenant Act of

18   Washington State, there is nothing in the record stating that Mr. Johnson followed the Landlord

19   Tenant Act to properly evict Mr. Barnes thus violating the Landlord Tenant Act." Dkt. 5 at 7. In

20   ground three, petitioner alleges that the State dismissed both counts of rape against petitioner and

21   therefore, petitioner cannot be guilty of burglary. Dkt. 5 at 8-9.

22          Petitioner essentially identifies evidence that that he claims is deficient and continues to

23   challenge Johnson's credibility. However, petitioner's argument provides, at most, a different

24

REPORT AND RECOMMENDATION - 15

interpretation of the evidence than that found by the trial court. However, petitioner has not

shown he did not commit first-degree burglary. "Evidence that merely undercuts trial testimony

or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient

to merit relief on a freestanding claim of actual innocence." *Jones*, 763 F.3d at 1251.

Accordingly, petitioner has not shown, nor does the Court find, the evidence is sufficient

to meet the federal standard that he is actually innocent of the crime. Therefore, the Court

recommends that grounds two and three as to petitioner's claim that he is actually innocent be

denied.

### III.   Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion.

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

court is not required to hold an evidentiary hearing." *Id*. The Court does not find it necessary to

hold an evidentiary hearing because, as discussed in this report and recommendation, petitioner's

grounds for relief may be resolved on the existing state court record.

### IV.   Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to the petition.

## V.    Conclusion

For the above stated reasons, the Court concludes that the petition should be denied. Petitioner has not shown that the state courts' adjudication of Grounds One, Two, and Three was contrary to, or an unreasonable application of, clearly established federal law. The Court also finds that an evidentiary hearing is not necessary. Therefore, the Court recommends that the petition be denied and a certificate of appealability not be issued. Based on the foregoing, the Court also recommends that petitioner's *in forma pauperis* status be revoked on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 25, 2020, as noted in the caption.

Dated this 31st day of August, 2020.

J. Richard Creatura
United States Magistrate Judge